*E-FILED: May 1, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE,<br><br>  Plaintiff,<br><br>  v.<br><br>JESUS A ESPINOZA; MICAELA LOYA MORENO; and DOES 1 to 10, inclusive,<br><br>  Defendants. | No. C13-01928 HRL<br><br>**ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT**<br><br>[Re: Docket No. 2] |

Defendant Jesus A. Espinoza removed this unlawful detainer action from the Monterey County Superior Court. He also seeks leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned denies as moot Espinoza's IFP application and recommends that this matter be remanded to state court.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case

filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Having reviewed Espinoza's financial affidavit, the court is not prepared to grant his application because defendant Moreno (Espinoza's wife) did not submit a separate financial affidavit attesting to her income and financial assets. Ordinarily, this court would require Moreno to do so. That will be unnecessary here, however, because for the reasons discussed below, the court lacks subject matter jurisdiction over the complaint anyway.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. FED. R. CIV. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's complaint presents claims arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Additionally, defendant fails to show that diversity jurisdiction exists. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. The complaint indicates that the amount demanded does not exceed $10,000.

2

Moreover, the notice of removal indicates that defendants are California residents. As such, the complaint cannot be removed on the basis of diversity. 28 U.S.C. § 1441(b)(2) (an action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Monterey County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated: May 1, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:13-cv-01928-HRL Notice has been electronically mailed to:

2  Tracey Lynn Merrell    traceym@bdfgroup.com

3

4  5:13-cv-01928-HRL Notice sent by U.S. Mail on May 1, 2013 to:

5  Jesus A. Espinoza
   111 Eagle Drive
6  Salinas, CA 93905

**United States District Court**
For the Northern District of California