**United States District Court**
For the Northern District of California

1

2                                          **\*E-FILED:  May 1, 2013\***

3

4

5

6

7                                    NOT FOR CITATION

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11   FEDERAL NATIONAL MORTGAGE              No. C13-01928 HRL
     ASSOCIATION, A/K/A FANNIE MAE,
12                                          **ORDER DENYING AS MOOT**
             Plaintiff,                     **APPLICATION TO PROCEED IN**
13                                          **FORMA PAUPERIS**
        v.
14                                          **ORDER THAT CASE BE REASSIGNED**
     JESUS A ESPINOZA; MICAELA LOYA         **TO A DISTRICT JUDGE**
15   MORENO; and DOES 1 to 10, inclusive,
                                            **REPORT AND RECOMMENDATION RE**
16           Defendants.                    **REMAND TO STATE COURT**

17   _____/      **[Re: Docket No. 2]**

18

19         Defendant Jesus A. Espinoza removed this unlawful detainer action from the Monterey

20   County Superior Court.  He also seeks leave to proceed in forma pauperis (IFP).  For the

21   reasons stated below, the undersigned denies as moot Espinoza's IFP application and

22   recommends that this matter be remanded to state court.

23         A court may authorize the commencement of a civil action in forma pauperis ("IFP") if

24   the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue

25   the action.  28 U.S.C § 1915(a)(1).  In evaluating such an application, the court should "gran[t]

26   or den[y] IFP status based on the plaintiff's financial resources alone and then independently

27   determin[e] whether to dismiss the complaint on the grounds that it is frivolous."  Franklin v.

28   Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984).  A court may dismiss a case

United States District Court

For the Northern District of California

1   filed without the payment of the filing fee whenever it determines that the action "(i) is

2   frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

3   monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

4   1915(e)(2)(B)(i)-(iii).  Having reviewed Espinoza's financial affidavit, the court is not prepared

5   to grant his application because defendant Moreno (Espinoza's wife) did not submit a separate

6   financial affidavit attesting to her income and financial assets.  Ordinarily, this court would

7   require Moreno to do so.  That will be unnecessary here, however, because for the reasons

8   discussed below, the court lacks subject matter jurisdiction over the complaint anyway.

9        Removal to federal court is proper where the federal court would have original subject

10  matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly

11  construed against removal and place the burden on the defendant to demonstrate that removal

12  was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009)

13  (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a

14  continuing duty to determine whether it has subject matter jurisdiction.  FED. R. CIV. P. 12(h).

15  A case must be remanded to the state court if it appears at any time before final judgment that

16  the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

17       Federal courts have original jurisdiction over civil actions "arising under the

18  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under"

19  federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim

20  for relief.  Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009).  Defenses and

21  counterclaims asserting a federal question do not satisfy this requirement.  Id.  Here, plaintiff's

22  complaint presents claims arising only under state law.  It does not allege any federal claims

23  whatsoever.  Allegations in a removal notice or in a response to the complaint cannot provide

24  this court with federal question jurisdiction.

25       Additionally, defendant fails to show that diversity jurisdiction exists.  Federal district

26  courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or

27  value of $75,000 (exclusive of interest and costs) and is between citizens of different states.  28

28  U.S.C. §1332.  The complaint indicates that the amount demanded does not exceed $10,000.

1   Moreover, the notice of removal indicates that defendants are California residents.  As such, the

2   complaint cannot be removed on the basis of diversity.  28 U.S.C. § 1441(b)(2) (an action may

3   not be removed "if any of the parties in interest properly joined and served as defendants is a

4   citizen of the State in which such action is brought."); see also Spencer v. U.S. Dist. Ct., 393

5   F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time

6   removal is sought bars removal.").

7          Because not all parties have consented to the undersigned's jurisdiction, this court

8   ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned

9   further RECOMMENDS that the newly assigned judge remand the case to the Monterey

10  County Superior Court.  Any party may serve and file objections to this Report and

11  Recommendation within fourteen days after being served.  28 U.S.C. § 636(b)(1); FED. R. CIV.

12  P. 72.

13  Dated: May 1, 2013

14

15  _____
    HOWARD R. LLOYD
16  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

3

1   5:13-cv-01928-HRL Notice has been electronically mailed to:

2   Tracey Lynn Merrell      traceym@bdfgroup.com

3

4   5:13-cv-01928-HRL Notice sent by U.S. Mail on May 1, 2013 to:

5   Jesus A. Espinoza
    111 Eagle Drive
6   Salinas, CA 93905

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4